[610 NYS2d 801]

In the Matter of MARTIN BERNARD HIRSH, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 14, 1994

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Robert P. Guido* of counsel), for petitioner.

*Jeffrey A. Rabin,* Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with one allegation of professional misconduct. The Special Referee sustained the charge. The petitioner now moves to confirm the Special Referee's report. The respondent has not submitted any opposition.

The petition, dated September 30, 1992, is predicated upon the respondent's conviction of a crime. A criminal information was filed in the United States District Court, District of Nevada, on or about October 8, 1991, charging the respondent with one count of conspiracy to violate certain rules and regulations promulgated by the Securities and Exchange Commission, in violation of 18 USC § 371, a Federal felony. With the consent of the court and the United States Attorney, the respondent entered into a written plea agreement, pursuant to which he waived his right to an indictment by the Grand Jury, and entered a plea of guilty to the information. The respondent was sentenced before the Honorable Lloyd D. George, on or about April 24, 1992, to a term of probation for two years and a $30,000 fine.

The petition charged that the respondent knew or should have known in committing the aforesaid acts that he was guilty of professional misconduct within the meaning of 22 NYCRR 691.2.

Based on the documentary evidence, including the information, plea agreement, sentencing minutes, and waiver of indictment, and the evidence adduced at the hearing, we find that the Special Referee properly sustained the charge. The respondent was convicted of a serious crime and the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the character letters submitted by the respondent, his full cooperation with Federal authorities, his previously unblemished record, and his involvement in the conspiracy in a relatively minor capacity. Under the circumstances, the respondent is suspended from the practice of law

for a period of two years, commencing March 14, 1994, and continuing until the further order of this Court.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Martin Bernard Hirsh, is suspended from the practice of law for a period of two years, commencing March 14, 1994, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Martin Bernard Hirsh, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.